STATE ex rel. OKLAHOMA BAR ASSOCIATION
2023 OK 9
Decided: 02/06/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 9, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DEBRA CAMPBELL, Respondent.

ORDER OF EMERGENCY INTERIM SUSPENSION

¶1 On January 11, 2023, Complainant, the Oklahoma Bar Association (OBA), filed a verified complaint against Respondent Debra Campbell pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP) 5 O.S.2011, ch. 1, app. 1-A. With the concurrence of the Professional Responsibility Commission, the OBA requests an emergency interim suspension of Respondent from the practice of law pursuant to Rule 6.2A of the RGDP.

¶2 In support, the OBA reports that it has received sufficient evidence demonstrating Respondent has committed conduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 3.3, and 8.4(a)(b)(c) and (d) of the Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, and that the conduct poses an immediate threat of substantial and irreparable public harm.

¶3 The OBA details in the verified complaint the specific allegations arising from the counts filed against the Respondent. These include matters wherein the Respondent was arrested at her home in Lincoln County, Oklahoma in State of Oklahoma v. Debra Dawn Campbell, CF-2022-290, on December 3, 2022, and was charged with the following felonies: Trafficking in Illegal Drugs in violation of 63 O.S. § 2-415; Unlawful Possession of a Controlled Drug with Intent to Distribute in violation of 63 O.S. § 2-401; Acquiring Proceeds from Drug Activity in violation of 63 O.S. § 1287; and Possession of a Firearm during Commission of a Felony in violation of 21 O.S. § 1287. Respondent is also alleged to have violated the terms of her pretrial release contract conditions.

¶4 Complainant also submits that two additional grievances have been filed against Respondent by former clients. The first grievance alleges that Respondent neglected her former client in his criminal cases in Creek and Lincoln counties, despite being paid in full, which resulted in ineffective assistance of counsel. The second grievance alleges that Respondent failed to communicate with her former client in his felony case in Oklahoma County despite being paid $10,000 to represent him.

¶5 The Court ordered Respondent to show cause, no later than January 30, 2023, why an emergency interim suspension should not be entered. The Court sent a file-stamped copy of the order and verified complaint to Respondent's official roster address, as well as the additional record address. Respondent did not file a response or objection to the verified complaint and application for emergency interim suspension and/or the show cause order.

¶6 Upon consideration of the verified complaint and application for emergency interim suspension, the Court finds that Respondent has committed conduct in violation of the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings that poses an immediate threat of substantial and irreparable public harm.

¶7 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Respondent, Debra Campbell, is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.

¶8 FURTHERMORE, Respondent is ordered to give written notices by certified mail, within twenty (20) days from the date of this Order, to all of her clients having legal business pending of her inability to represent them and the necessity for promptly retaining new counsel. If Respondent is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which Respondent has substantial responsibility. Respondent shall file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and the Clerk of the Supreme Court stating that she has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which Respondent is admitted to practice. Proof of substantial compliance by Respondent with this Order shall be a condition precedent to any petition for reinstatement.

¶9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on February 6, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.